Opinion of the court delivered by
Judge Catron.
The plaintiff read in evidence, a grant for 5,000 acres of land to S. Donelson, dated in August 1795; a deed from Donelson to himself, dated Oct. 1795. Both the grant and deed covered the land claimed,-and proved the defendant in possession.
The defendant claimed as the heir of her son, James Love, who had purchased in 1802 from Seymour Catching, and gota deed in fee in due form from Catching, dated 24th December, 1802, and registered in 1803. The deed *289 recites that Catching was the purchaser, at Sheriff’s sale of John Love’s estate, which had been sold, and conveyed according to law, to said Catching.
Evidence was introduced to prove defendant and those under whom she claimed, to have been seven years in possession.
To controvert this, plaintiff proved that James Love, in his life time, had said that he did not believe he had a good title to the land, and that if John Love sued for it he would recover; that it was part of Shields’ vague land, (no doubt referring to a defect in the sheriff’s sale to Catching,) and that the sale was reported to have been made for fraudulent purposes; these proceedings were not relied upon, or produced in defence.
The circuit court charged the jury, “that the deed was fair upon its face, and would afford protection, coupled with seven years possession, prima facie, and throw the burthen of proof upon the other side; but if the person who held under such deed knew at the time, that the bargainor had no title, and could pass none to him, it would not be sufficient color of title, to protect a possession under the statute, and that could be proved by pa-rol evidence, although the knowledge was not communicated by any thing on the face of the deed: that if the jury were satisfied that James Love knew at the time he purchased of Catching, that Catching had no title to the land conveyed, and that defendant was in possession when the action was brought, they should find for the plaintiff; but if they believed James Love had no such knowledge when he purchased, and that he and those claiming under him, had been seven years in possession before the action was brought, they should- find for the defendant.”
The jury found for the plaintiff. Exceptions were taken and a writ of error prosecuted.to this court.
Is the foregoing charge correct? The land was granted, and the deed of Catching is founded upon the grant; it recites the deed from S. Donelson to John Love, and is ** ““ * «" *290 act of limitations of 1797, and seven years possession by virtue thereof, formed a bar within the statute.
The statute having made no exceptions against one purchasing and holding possession, with the knowledge he was not acquiring a good title at the time he obtained the conveyance under which he seeks protection, the courts have no power to make any; to do so would be legislating; so this court decided in M’Ginnis vs. Jack and Cocke; in Hickman’s lessee vs. Gaither and Frost, and in M’Clure vs. Patton. It is perhaps the best settled rule in this court.
Has the land been granted? Has the defendant a deed, executed in fact, for the land? and has he, coupled with these, had seven years peaceable possession, holden by virtue thereof, adverse in its character? If so, the bar is formed beyond the reach of the courts of justice. Exceptions engrafted by the courts upon statutes, have sufficiently afflicted other countries, to warn Tennessee of so great an evil; the present court has rejected every such aberration. The decision of the court below, clearly violates a principle, well settled in cases of the greatest magnitude that this court has been called upon to determine, and must be reversed. We regret the decisions referred to are not reported, as much litigation would be prevented were they generally known to the circuit courts and bar; to recapitulate in every opinion, what has been previously adjudged and carefully written, cannot be practised with any propiety by the court, or required at its hands by the community.
Judgment reversed.